MAINTAIN ON PAPER

Michael Ferrini, In Pro Se
1620 Elizabeth Lane
Yuba City, CA 95993
(530) 300-5165



**FILED**

JUL 25 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FERRINI, | ) Case No.: |
| Plaintiff, | ) **2:12 - CV - 1 9 5 4 MCE DAD PS** |
| vs. | ) <u>DEMAND FOR JURY TRIAL</u> |
| JAMES ANOTHONY CAMBECE JR., | ) 15 United States Code § 1692 *et seq.* |
| DAVID SEAN DUFEK, | ) California Civil Code § 1788 *et seq.* |
| and CACH LLC, | ) |
| Defendants | ) |

Plaintiff, MICHAEL L FERRINI  (hereinafter "Plaintiff"), in Pro Se,  based on information and

belief and investigation, hereby makes the following allegations:

## I. INTRODUCTION

1.    This is an action for statutory damages, fees and costs brought by an individual

consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

(hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788

*et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and

unfair practices.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors. Abusive debt collection practices

contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs,

and to invasions of individual privacy.

   b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

   3.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

   4.   This action arises out of Defendants[5] violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

   5.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA

complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.     This lawsuit should be assigned to the Sacramento Division of this Court because the events or omissions which gave rise to this lawsuit occurred in Sutter County, California, or were alleged to have occurred in Sutter County, California.

### V. PARTIES

7.     Plaintiff, MICHAEL FERRINI (hereinafter "Plaintiff"), is a natural person residing in Sutter County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8.     Defendant, J.A. CAMBECE, A/K/A James Anthony Cambece Jr., (hereinafter "CAMBECE"), is a natural person is or was an employee, agent, officer and/or director of Law Offices of J.A. Cambece at all relevant times. CAMBECE may be served at his current business address at: Law Offices of J.A. Cambece, c/o James Anthony Cambece Jr., Eight Bourbon Street, Peabody, MA 01960. CAMBECE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that CAMBECE is liable for the acts of Law Offices of J.A. Cambece because he sets and approves Law Offices of J.A. Cambece collection policies, practices, procedures and he directed the unlawful activities described herein. CAMBECE is an industry franchise partner of Defendant CACH, LLC.

9.     Defendant, LAW OFFICE OF J.A. CAMBECE, (hereinafter "LAW OFFICE 1), is a Massachusetts licensed attorney practice solely in the business of collecting debts in this state with its principal place of business located at: Eight Bourbon Street, Peabody, MA 01960. LAW OFFICE 1 may be served as follows: Law Offices of J.A. Cambece, c/o James Anthony Cambece Jr., Eight Bourbon Street, Peabody, MA 01960. The principal

business of LAW OFFICE 1 is the collection of debts using the mails and telephone, and LAW

OFFICE 1 regularly attempts to collect debts alleged to be due another. LAW OFFICE 1 is a

"debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

LAW OFFICE 1 is an industry franchise partner of Defendant CACH, LLC.

      10.   Defendant, DAVID SEAN DUFEK, A/K/A DAVID DUFEK, (hereinafter

"DUFEK"), is a natural person is or was an employee, agent, officer and/or director of Law Offices

of David Dufek at all relevant times. DUFEK may be served at his current business address at:

David S. Dufek, Law Offices of David Dufek, 2655 Camino Del Rio North, Suite 110, San Diego,

California 92108. DUFEK is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and

Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that DUFEK is

liable for the acts of Law Offices of David Dufek because he sets and approves collection policies,

practices, procedures of Law Offices of David Dufek and he directed the unlawful activities

described herein. DUFEK is an industry franchise partner of Defendant CACH, LLC.

      11.   Defendant, LAW OFFICE OF DAVID SEAN DUFEK, (hereinafter

"LAW OFFICE 2"), is a California licensed attorney practice solely in the business of

collecting debts in this state with its principal place of business located at: 2655 Camino Del

Rio North, Suite 110, San Diego, California 92108. LAW OFFICE may be served as follows:

Law Offices of David S. Dufek, c/o David S. Dufek, 655 Camino Del Rio North, Suite 110, San

Diego, California 92108. The principal business of LAW OFFICE 2 is the collection of debts

using the mails and telephone, and LAW OFFICE 2 regularly attempts to collect debts alleged

to be due another. LAW OFFICE 2 is a "debt collector" within the meaning of 15 U.S.C. §

1692a(6) and Cal. Civil Code § 1788.2(c). LAW OFFICE 2 is an industry franchise partner of

Defendant CACH, LLC.

      11.   Defendant, CACH, LLC (hereinafter "CACH"), is a Colorado limited

liability company engaged in the business of purchasing bad consumer debt, collecting debts in this state via franchise business partnerships with debt collection attorneys with its principal place of business located at: 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237. CACH may be served as follows: CACH, LLC, c/o The Corporation Company, Registered Agent, 1675 Broadway, Suite 1200, Denver, Colorado 80202. The principal business of CACH is the collection of debts using the mails and telephone, and CACH regularly attempts to collect debts alleged to be originally due another. CACH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CACH is vicariously liable to Plaintiff for the acts of LAW OFFICE 1 and LAW OFFICE 2 as corporate partners.[1]

12.   At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venture of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture as debt collectors within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

---

[1]   See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez* v. *Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct."

**COMPLAINT**

## V.   FACTUAL ALLEGATIONS

1.     Defendants are collectively engaged in the industry of third party consumer debt purchase and collections, and regularly engage in a pattern and practice of filing lawsuits using false affidavits, frivolous and inadequate claims for breach of contract, without adequate validation of true and enforceable contracts.

2.     In doing so, Defendants attempt to collect on a daily basis amounts not expressly authorized by the original seller of the contract through means of deception and FDCPA loopholes. Consequently, Defendants have regularly been named as defendants in hundreds of lawsuits across the country for FDCPA violations.

3.     Defendants collectively file thousands of breach of contract complaints around the country with an end run objective to achieve summary default judgments from uncontested and unrepresented consumers without proving their cases.

4.     On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Wells Fargo Bank N.A., and bearing the account number XXXX-XXXX-XXXX-6977 (hereinafter "ALLEGED DEBT"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

5.     Plaintiff is now informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to CACH, LLC.

6.     Plaintiff is now informed and believes, and thereon alleges that sometime

thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to CAMBECE and LAW OFFICE 1 for collection from Plaintiff.

7.     Thereafter, Defendant CAMBECE and LAW OFFICE 1 sent a collection/dunning letter to Plaintiff demanding payment of $11,133.83, which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

8.     A true and accurate copy of the collection/dunning letter is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

9.     The collection/dunning letter is dated January 4, 2011, mailed January 10, 2011, received by the Plaintiff on January 18, 2011 from LAW OFFICE 1.

10.     The collection/dunning letter was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

11.     On or about February 08, 2011, Plaintiff mailed a letter to Defendants which stated:

9.     *"I have disputed this debt in writing within 30 days of receipt of your dunning notice, and therefore you must obtain verification of the debt as requested or a copy of the judgment against me and mail these items to me at your expense; You do not have to respond to this dispute but if you do, any correspondence that is an attempt to collect this debt without first validating it as requested violates the FDCPA and Rosenthal Act and will be reported to the Court of jurisdiction."*(sic)

10.     A true and accurate copy of Plaintiff's validation letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

11.     Defendants received Plaintiffs validation letter on or about February 14, 2011 via United States Postal Service (USPS), Certified Mail.

12.     A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's validation letter is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

13.     After receiving Plaintiff's validation letter, LAW OFFICE 1 continued collection efforts, numerous times calling Plaintiff's home and telling his children *"your dad is a deadbeat"* before hanging up. This type of harassment continued through August 15, 2011.

15.     Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, LAW OFFICE 1 was removed from the case and LAW OFFICE 2 was assigned to collect ALLEGED DEBT on behalf of CACH, LLC.

16.     Defendant DUFEK sent a second collection/dunning letter to Plaintiff in an attempt to collect the ALLEGED DEBT via LAW OFFICE 2. The second letter was a 30 day dunning notice demanding payment of a different sum of $11,351.23, claiming that it was attempting to collect on an unverified debt with a reference number matching the LAW OFFICE 1 letter sent by CAMBECE.

17.     A true and accurate copy of the collection letter is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

18.     The collection/dunning letter was received September 16, 2011.

19.     This collection/dunning letter did not contain any attempt to validate the ALLEGED DEBT as previously requested by Plaintiff of Defendant. The letter did not reference a Wells Fargo Bank N.A. account. The debt amount was altered. The letter cited Civil Code of Procedure §1033 as statutory authority to warn for a judgment award of *"balance due and interest."* The letter did not contain a written notice of the transfer of all rights under the alleged cardmember agreement or any notification beyond a Civil Procedure warning explaining Plaintiff

was liable for "*balance due and interest.*"

20.    On September 29, 2011, Plaintiff mailed a letter to LAW OFFICE 2 and CACH which stated:

"*September 16, 2011 you contacted me at my residence. I asked you in writing to validate this alleged debt seven months ago and have received nothing in response. Please stop harassing me.*"(sic.)

25.    A true and accurate copy of Plaintiff's second validation request letter is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

26.    Defendants received Plaintiffs validation letter on or about October 3, 2011 via United States Postal Service (USPS), Certified Mail.

27.    A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's validation letter (Exhibit "5") is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

28.    On or about November 15, 2011, prior to the expiration of the 30 day dunning period, Defendant filed a complaint against Plaintiff in the Superior Court of California, County of Sutter - Case No. CVCM11-2344 (the "ACTION") without first validating the debt as required during the dunning period. [2]

29.    A True and Accurate copy of Defendant's complaint is attached hereto, marked Exhibit "7," and by this reference is incorporated herein.

---

[2] See, *Recker v. Central Collection Bureau, Inc..,* (US App. Ct., S.D. Indiana, 2005).("This court reads the FDCPA based on its plain language which requires a creditor to provide verification which has been requested by the debtor within the thirty day period prior to resuming collection activities. Because Defendant did not provide the verification prior to filing the lawsuit, Defendant's verification is insufficient under the FDCPA. Contrary to Defendant's assertion, Defendant could have complied with both provisions § 1692g(b) and § 1692c(c) by sending the verification with a communication stating that the Defendant intended to invoke a specified remedy, namely the filing of a suit in a small claims court.")

25.     Defendant falsely stated in the complaint that the dunning letter of September 02, 2011 (*supra*) provided Plaintiff "*a written notice of the transfer of all rights under the agreement.*"

26.     Defendants DUFEK and CACH submitted a false Affidavit of Debt in the complaint from Wells Fargo Sales Laison, Carla Hawkins. Ms. Hawkins did not have any personal knowledge of the statements she made in the affidavit regarding origination of the agreement, custodian of records, accounting, or claims of fraud, and did not make any effort to determine if there was a contract signed by plaintiff, or the actual identity of the plaintiff .[3] Plaintiff alleges that this conduct involves a false representation of the character, amount, or legal status of a debt in connection with a collection or an attempt to collect a debt because the affidavit was a "sales or transfer" affidavit and not an affidavit of debt.

27.     A True and Accurate copy of the Hawkin's Affidavit of Debt is attached hereto, marked Exhibit "8," and by this reference is incorporated herein.

28.     Defendants submitted false evidence in the complaint, using a random, unverifiable and partial copy of a credit card provision to support of a breach of contract complaint and falsely stated in the complaint that this copy represented the "*true and correct copy of the original credit card agreement.*"

29.     A True and Accurate copy of the Credit Card Agreement is attached hereto, marked Exhibit "9," and by this reference is incorporated herein.

[3] See, *Simmons v. Portfolio Recovery Asset, Inc.,* (US Dist. Ct., E.D. Knox. Tenn., 2012). ( "(The)plaintiff's allegations that the state court lawsuit was supported by an affidavit that contained false or deceptive representations about the status or character of the underlying debt, and allegations of a pattern and practice of filing similar lawsuits—allegations which the Court must take as true and construe most favorably towards plaintiff—could be deemed "unfair or unconscionable "in violation of the FDCPA"

30.     On December 5, 2011, Plaintiff filed a response to the complaint pursuant to Ca Civil Code §1281.7 and delivered the response and answer to Defendant at LAW OFFICE 2 location by personal service on December 13, 2011.

31.     On January 5, 2012, Plaintiff's Motion to Compel Arbitration was granted by the Court of jurisdiction and the ACTION was STAYED pending arbitration.

32.     On January 31, 2012, Defendant DUFEK attempted to subvert the Court Ordered STAY by intentionally filing a false affidavit to support a motion of discovery. DUFEK declared under the penalty of perjury he "*was* never *served with a copy of the (Defendant's) answer*." This despite personal service executed at his LAW OFFICE 2 on December 13, 2011 (*ibid*) by Plaintiff.

33.     A True and Accurate copy of the LAW OFFICE 2 false affidavit in support of motion is attached hereto, marked Exhibit "10" and by this reference is incorporated herein

34.     A True and Accurate copy of Plaintiff's proof of service of response is attached hereto, marked Exhibit "11" and by this reference is incorporated herein.

35.     The Court of jurisdiction refused to hear Defendant DUFEK's motion due to the effective STAY.

## VI.     FIRST CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Fair Debt Collection Practices Act)**

1.     Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

3.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).

4.     Defendants are "debt collector"/s as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

5.     The financial obligation alleged to be originally owed to Wells Fargo, NA. by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

6.     Defendants have violated the FDCPA. The violations include, but are not limited to, the following::

a.     Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendants cease and desist their collection efforts, in violation of 15 U.S.C. § 1692c(c); and

b.     Defendants continued their collection efforts, to include filing a lawsuit against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

(a)     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt. The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(b)     The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(c)     The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(d)     The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to

collect an amount not authorized by the agreement that created the

debt or permitted by law;

8. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiffs actual damages, statutory damages, and fees and costs pursuant to 15 U.S.C. § 1692k.

## VII.    SECOND CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Rosenthal Act)

9. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

10. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

11. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(h).

12. Defendants, are "debt collector"/s as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

13. The financial obligation alleged to be originally owed to Wells Fargo, N.A. by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

14. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants continued to communicate directly with Plaintiff in an attempt to collect the alleged debt, after receiving written notification from Plaintiff requesting that Defendants cease and desist their collection efforts, in violation of Cal.

Civil Code § 1788.17;[2] and

    b. Defendants continued their collection efforts, to include filing a lawsuit against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the alleged debt and mailing a copy of such verification to the Plaintiff, in violation of Cal. Civil Code § 1788.17.[3]

   15. Defendants[5] acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b). Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   16. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

   17. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant,

---

[2] 15 U.S.C. § 1692c(c).
[3] 15 U.S.C. § 1692g(b).

pursuant to Cal. Civil Code § 1788.17.[4]

18.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

19.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.     Assume jurisdiction in this proceeding;

b.     Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

c.     Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.     Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code §1788.30(b);

f.     Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[6]

g.     Award Plaintiff the costs of this action and reasonable fees pursuant to 15

---

[4]  15 U.S.C.§ 1692k(a)(2)(A).
[5]  15 U.S.C.§ 1692k(a)(3).

[6]  15 U.S.C.§ 1692k(a)(2)(A).

U.S.C, § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

    h.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

    i.    Award Plaintiff such other and further relief as may be just and proper.


RESPECTFULLY SUBMITTED,

By: Michael Ferrini

Michael Ferrini
In Pro Se


## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Michael Ferrini
In Pro Se


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL FERRINI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Michael Ferrini
In Pro Se

EXHIBIT 1

# J. A. CAMBECE

LAW OFFICE, P.C.

*Main Office/Return Mail Service:*
*Eight Bourbon Street*
Peabody, Massachusetts 01960

January 04, 2011

51310

ᴵᵐᵗᵘˡˡ|ᵗᵘˡ|ᵗᵖ|ᴵᴵᴵᴵ|ᴵˡᵐ|ᵗᵘᵗᵖ|ˡᵖ|ᴵˡ|ᵖ|ᵗᵖ|ᵘ|ᴵᵐᵗᵖ|ᴵˡᴵᴵᵘ

E ***AUTO**ALL FOR AADC 956
27865-05B/120004701890/10803     0047
MICHAEL L FERRINI  ·                              66
1620 ELIZABETH LN
YUBA CITY, CA 95993-1694

51310

| | |
|---|---|
| **CREDITOR:** | CACH, LLC |
| **YOUR ACCOUNT NUMBER:** | 120004701890 |
| **ORIGINAL CREDITOR:** | WELLS FARGO BANK, N.A. |
| **ORIGINAL ACCOUNT NUMBER:** | 4465425090146977 |
| **CURRENT BALANCE:** | $11,133.83 |

Dear Michael L Ferrini,

This office is a debt collector and has been retained to collect the debt owed by you to CACH, LLC. This is a demand for payment of your outstanding obligation.

At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may choose to request an attorney review of your file.

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, this firm will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or, if the debt is founded upon a judgment, a copy of such judgment, and we will cease all collection activities until we provide you with verification, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are represented in this matter by an attorney, please give us the name, address and phone number of your attorney so that we may communicate with your attorney rather than you.

Please call our office toll free at 1-888-535-6161, and our fax number is 888-252-0121. Our office is usually open from 9 until 6 EST, Monday through Friday.

Thank you for your attention to this matter.
Yours truly,

**If you have a complaint about one of our staff, please call our complaint hot line 866-200-9339.**

*J.A. Cambece Law Office, P.C.*

This communication is from a debt collector.  We are attempting to collect a debt, and any information obtained will be used for that purpose.

DM1P #47-10803

EXHIBIT 2

From:  Michael Ferrini
1620 Elizabeth Lane
Yuba City, CA 95993

To:     JA Cambece, CACH,LLC
Eight Bourbon Street
Peabody, MA 01960
Re:     Account# 120004701890

February 4, 2011

Dear Mr. Cambece;

I am writing in response to your phone call January 12, 2011 and subsequent letter mailed
USPS January 10, 2011 and received January 18, 2011 via USPS.

### Verbal Threats of Lawsuit

In regard to the phone call January 12, 2011, it was recorded on my end in compliance with
California statute and with your permission. The nature of your call was to advise me that a
"law firm" was considering "action" against me and that I would be receiving "legal
documents" in the mail. This implies an idle threat of lawsuit which is considered a form of
illegal harassment under the FDCPA and Rosenthal Act. This is your first violation and final
warning regarding this type of harassment.

Considering you are not a member of the California State Bar, I interpret your presentation
as a law firm to be deceptive. Assuming any suit brought outside of Massachusetts bars you
from litigating on your own behalf or behalf of your client, like any other collection agency,
you are thus aware that threats of litigation are idle attempts on your part to invoke fear
and harass consumers. Threats, real or implied are illegal.

If you file a lawsuit, it will require the per diem services of an outside law firm licensed to
practice in the State of California. *Since I dispute this debt*, you can expect a rigorous
defense to include a counter claim for the above harassment violation and further FDCPA,
FCRA, or Rosenthal violations that I will accurately track and record.

### Request for Validation of Debt

In accordance with the FDCPA and Rosenthal Act under my rights as a consumer, I request
the following information:

1.      Please provide the alleged account signor's social security number, date of birth,
        and full legal name, hereby referred to as "*SIGNOR.*"

2.      Please provide proof that the above *SIGNOR'S* identity matches my identity.

3.      Please provide proof that the alleged SIGNOR is the actual party to all charges made
        on the account.

4.      Please provide the identity of all JOINT SIGNOR/s to the account who were
        authorized use of the account by the original creditor.

5.     Please provide affidavits of all reports made to the original creditor by *SIGNOR or JOINT SIGNOR/s* of fraudulent charges made to the account, and what actions if any were taken by the original creditor to correct the account, refund or adjust charges plus penalties, and/or investigate said reports of fraud.

6.     Please provide proof of any contractual agreement signed between said *SIGNOR, and JOINT SIGNOR/s* and CACH, LLC.

7.     Please provide proof of the alleged debt assignment from original creditor to CACH, LLC.

8.     Please provide proof of the alleged debt assignment from CACH, LLC to JA Cambece.

9.     Please provide proof of the alleged debt assignment from original creditor to JA Cambece.

10.    Please provide proof of a binding contractual agreement between *SIGNOR and JOINT SIGNOR/s* and the original creditor.


Filing any action without proper debt validation is a violation of the FDCPA and Rosenthal Act, and could likely result in a summary dismissal of the case plus penalties from any counter claim for damages.

## FDCPA and Rosenthal Notice

By sending a Dunning Notice, JA Cambece acknowledges itself as a "collection agent", not a "law firm" licensed to litigate in the State of California, and therefore falls under FDCPA and Rosenthal Act definition of "collection agent", subject to statutory regulation therein.

I am fully aware of my rights under the Fair Debt Collection Practices Act and Rosenthal Act. For instance, I know that:

*I have disputed this debt in writing **within 30 days of receipt** of your dunning notice, and therefore you must obtain verification of the debt as requested or a copy of the judgment against me and mail these items to me at your expense; you cannot add interest or fees except those allowed by the original contract (which you are to provide) or California statute. You do not have to respond to this dispute but if you do, any correspondence that is an attempt to collect this debt without first validating it as requested violates the FDCPA and Rosenthal Act and will be reported to the Court of jurisdiction, in addition to government oversight agencies. All incoming and outgoing phone calls between myself and JA Cambece Law Firm will be digitally recorded. Repeated harassment and strict violations of the California Penal Code Section 653m will be reported to local law enforcement authorities.*

## FCRA

Having disputed this debt, you know your information concerning this debt is inaccurate and that it is reasonably foreseeable that credit report inquiries and activity will result in personal injury and damages to me. You therefore assume all risk of adverse legal action against you if you make any credit-reporting agency (CRA) or Credit Bureau (CB) inquiries or reports without properly validating the debt. Reporting information incorrectly violates the Fair Credit Reporting Act § 1681s-2.

## **Assignment**

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they can address this debt according to previous adverse claims made by them and my request for validation.

Should you pursue a judgment without validating this debt; legal action will be brought against JA Cambece along with the aforementioned FDCPA/Rosenthal violation.


Michael L Ferrini.

EXHIBIT 3

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JA CAMBECE
EIGHT BOURBON ST.
PEABODY, MA 01960

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☑ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Nancy Banks                       2/14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☑ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*

7010 0290 0001 1571 6152

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here
YUBA CITY CA
FEB - 8 2011
95991-9998

Sent To   J A CAMBECE
Street, Apt. No.;
or PO Box No.  EIGHT BOURBON STREET
City, State, ZIP+4  PEABODY, MA 01960

PS Form 3800, August 2006       See Reverse for Instructions

7010 0290 0001 1571 6152

EXHIBIT 4

# Law Office of David Sean Dufek
Attorney at Law
2655 Camino Del Rio North Suite 110, San Diego, CA 92108

David Sean Dufek

Telephone: 800-600-2610
Fax: (619) 299-1951

September 02, 2011

**MICHAEL FERRINI**
1620 Elizabeth Ln
Yuba City, CA 95993

| | |
|---|---|
| Creditor: | CACH, LLC |
| Account No.: | 120004701890 |
| Original Creditor: | WELLS FARGO BANK, N.A. |
| Current Balance Claimed Due: | $11,351.23 |

Dear MICHAEL FERRINI,

This letter is in regards to our common objective to resolve the balance due on your account from WELLS FARGO BANK, N.A. Under Federal law, you the consumer have 30 days after you received this letter to dispute the validity of the debt or any part of it. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and will mail you a coy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different than the current creditor.

California Code of Civil Procedure Section 1033 requires that we caution you that legal action could result in a judgment against you. Such a judgment would include balance due and interest at the original rate, plus *court costs* and *attorney fees*. A judgment in our favor could result in an attachment of your assets, including but not limited to wages, bank accounts and other property. Demand is hereby made for payment of the balance in full. Please make your certified check or money order in the amount of $$11,351.23, payable to Law Office of David Sean Dufek. We also accept payments by Visa and Mastercard. You can also make payments online at http://dufeklaw.com.

Sincerely,

David Sean Dufek, Esq.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8a.m. or after 9p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm you location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. BE advised, this is an attempt to collect a debt. Any information obtained will be used for that purpose.

EXHIBIT 5

From:  Michael Ferrini
       1620 Elizabeth Lane
       Yuba City, CA 95993

To:    CACH,LLC
       4340 S Monaco St, Unit 2, Denver, CO , 80237

Re:    Account# 120004701890

September 23, 2011

Dear CACH LLC;

       September 16, 2011 you contacted me at my residence. I asked you in writing to
validate this alleged debt seven months ago and have received nothing in response. Please
stop harassing me.


Thank You,




Michael L Ferrini.

Cc: David S. Dufek

EXHIBIT 6

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ OCT. 03 2011 _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  SquareTwo Financial

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

CACH LLC
4340 S. Monaco St.
Unit 2
Denver, Co. 80237

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)       7010 3090 0000 3169 4803

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-15

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  Tina Valdez

C. Date of Delivery  10/3/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

David Dufek
2655 Camino Del Rio North
Suite 110
San Diego, CA. 92108

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)       7010 3090 0000 3169 4797

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-15

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 44 |
| Certified Fee | 285 |
| Return Receipt Fee (Endorsement Required) | 230 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.59 |

Postmark Here

Sent To  Dufek

Street, Apt. No.; or PO Box No.  2655 Camino Del Rio North  110

City, State, ZIP+4  San Diego  CA  92108

PS Form 3800, August 2006       See Reverse for Instructions

7010 3090 0000 3169 4797

EXHIBIT 7

Law Office of David Sean Dufek
David Sean Dufek, Esq. SBN 193723
2655 Camino Del Rio North Suite 110
San Diego, CA 92108
Telephone: (619) 299-1709
Facsimile:  (619) 299-1951

ENDORSED FILED

NOV 1 5 2011

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SUTTER
CLERK OF THE COURT
By_____MARIA MENDOZA_____Deputy

Attorney for Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SUTTER

COURTHOUSE EAST – LIMITED CIVIL CASE

CACH, LLC,

Plaintiff,

v.

MICHAEL L FERRINI, AND DOES 1 - 10,

Defendants.

Case No:   CVCM '11 - 2 3 4 4

**VERIFIED COMPLAINT FOR BREACH
OF CONTRACT; COMMON COUNTS
"Amount demanded does exceed $10,000"**

1. Plaintiff, CACH, LLC (hereinafter "Plaintiff"), is a Limited Liability Company organized and existing in the State of Colorado.  Plaintiff is authorized to do business in the State of California.

2. Plaintiff may be contacted through its undersigned attorney of record.

3. Plaintiff alleges that Defendant, MICHAEL L FERRINI, (hereinafter "Defendant") is a natural person, resident of the County of Sutter residing at 1620 ELIZABETH LANE, YUBA CITY, CA 95993.

4. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's losses as herein alleged were proximately caused by Defendants' acts.  Plaintiff

1

*CACH, LLC v. MICHAEL L FERRINI*
Complaint

1  is informed and believes and thereon alleges that at all times herein mentioned, each of

2  the remaining Defendants were acting in the course and scope of such relationship and

3  with the permission, consent, authority and ratification of each of the other Defendants.

4  5.  The allegations of this complaint stated under information and belief have evidentiary

5  support, or are likely to have evidentiary support after a reasonable opportunity for further

6  investigation or discovery.

7  ## SPECIFIC ALLEGATIONS

8  6.  Plaintiff alleges that on or about September 08, 2005, WELLS FARGO BANK, N.A.,

9  (hereinafter "Original Creditor") issued a credit card in the Defendant's name under its

10  account number identified with the last four digits as XXXX-XXXX-XXXX-6977.

11  Defendant received and used the card and thereby became obligated to pay for the charges

12  incurred with the card. A true and correct copy of the original credit card agreement is

13  attached herewith as exhibit "A".

14  7.  Plaintiff is informed and believes that the essential terms of the agreement were that

15  Original Creditor would allow Defendant the use of a revolving credit card for charges,

16  with a pre-set spending limit, and monthly interest charges, in exchange for Defendant's

17  promise to pay timely for the use of said card.

18  8.  On April 30, 2010 the credit card account was "charged off" by the Original Creditor. On

19  or about December 22, 2010, Original Creditor, WELLS FARGO BANK, N.A., did

20  transfer all of its rights and interest to CACH, LLC. The total account balance purchased

21  by the Plaintiff was $11,133.83. The transfer was memorialized by writing, true and

22  correct copies of which are attached as exhibit "B".

23  9.  Plaintiff is informed and believes that on or about October 22, 2009, Defendant defaulted

24  on the obligation by failing and refusing to pay the monthly charges as agreed and card

25  charging privileges were cancelled. Defendant made a final payment of $454.00 on

26  Septebmer 22, 2009 and has refused, despite demand, to make payment since that date. A

27  true and correct copy of the billing statement as of April 2010 is attached herewith as

28  exhibit "C". The entire balance on the credit card is presently due and payable in full.

David Sean Dufek, Esq
2655 Camino Del Rio North Suite 110
San Diego, CA 92108
(619) 299-1709  Fax (619) 299-1951

2

10. Pursuant to exhibit "B", Plaintiff has all right, title and interest under the agreement between the Original Creditor and Defendant, including the right to bring this action due to Defendant's breach of the agreement.

11. On or around September 02, 2011, Plaintiff provided Defendant a written notice of the transfer of all rights under the agreement. This written notice was provided to Defendant via first class mail.

12. On September 02, 2011, Plaintiff also informed Defendant that, in the event that Plaintiff were required to bring an action in court to enforce Plaintiff's rights under the agreement, that Plaintiff would seek an order for attorney's fees and costs. A true and correct copy of the letter to Defendant notifying them of Plaintiff's intent to seek attorney's fees and costs is attached as exhibit "D".

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

13. Plaintiff repleads all previous paragraphs of this Complaint as if they were fully said forth herein.

14. The issuance of a credit card constitutes the offer of a contract. *See, e.g., Bank One, Columbus, N.A. v. Palmer,* 63 Ohio App. 3d 491, 492, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). Use of a credit card constitutes acceptance of the terms of the cardmember agreement. *See, e.g., Grasso v. First USA Bank,* 713 A.2d 304 (Del. 1998); *Read v. Gulf Oil Corporation,* 114 Ga. App. 21, 150 S.E.2d 319, 320 (1966); *Petroleum Co. V. McMillan,* 168 S.W. 2d 881 (Tex. Civ. App. 1943). Even in the absence of such agreement the issuance of the credit card constitutes an offer of credit, and the use of the credit card constitutes the acceptance of the offer of credit. *Feder v. Fortunoff,* 474 N.Y.S. 2d 937 (N.Y. 1984), citing *Empire Nat'l Bank v. Monahan,* 82 Misc. 2d 808, 370 N.Y.S. 2d 840 (N.Y. County Ct. 1975).

15. By using and/or authorizing the use of the credit card the Defendant accepted the contract with the Original Creditor and became bound to pay for all charges incurred with the credit card. Defendant also became subject to all the terms and conditions of the Original Creditor's cardholder agreement.

David Sean Dufek, Esq
2655 Camino Del Rio North Suite 110
San Diego, CA 92108
(619) 299-1709   Fax (619) 299-1951

3

David Sean Dufek, Esq
2655 Camino Del Rio North Suite 110
San Diego, CA 92108
(619)  299-1709   Fax  (619)  299-1951

16. The Original Creditor sent to the Defendant monthly statements reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due. Plaintiff is informed and believes that Defendant did not provide Original Creditor or Plaintiff any disputes of the monthly bills or the charges reflected thereon. Defendant's failure to submit such disputes constitutes an admission of the account balance.

17. Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused Original Creditor damages in the amount of the balance due on the credit card account. That obligation has been assigned to the Plaintiff, who is the party entitled to enforce the contract and receive the payment of the credit card balance due.

18. Defendant is liable to Plaintiff in the amount of $11,133.83, that being the amount due as of April 30, 2010. Plaintiff is also entitled to statutory interest at the rate of 10% per year, from September 07, 2011, 5 days after the initial demand letter was sent to Defendant, to the date of judgment. Plaintiff seeks judgment for such sums.

### SECOND CAUSE OF ACTION - COMMON COUNTS

19. Plaintiff repleads all previous paragraphs of this Complaint as if they were fully said forth herein.

20. Defendant received and used the credit card knowing that Original Creditor expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Original Creditor paid money on Defendant's behalf to the merchant with whom the credit card was used. The Defendant is liable for repayment of such sums under the doctrine of money had and received.

21. Plaintiff is the assignee of the Original Creditor's right to be repaid by Defendant for such money had and received, and Plaintiff is entitled to recover from Defendant the balance due. Plaintiff is also entitled to recover the contractual interest at a rate of 10%. Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

### THIRD CAUSE OF ACTION - ACCOUNT STATED

22. Plaintiff repleads all previous paragraphs of this Complaint as if they were fully said forth

4

1   herein.

2   23. Plaintiff asserts that Defendant's use of the credit card to purchase goods and services

3   represented a periodic account, for which the Original Creditor generated regular monthly

4   statements. Defendant is liable to Plaintiff, the assignee of the account, for the account

5   balance, together with the interest thereon at a rate allowed by law.

6   **CONDITIONS PRECEDENT**

7   24. Plaintiff has demanded payment from Defendant, but Defendant has not satisfied such

8   demand. Plaintiff has performed all conditions precedent to the filing of this action, or all

9   such conditions precedent have occurred.

10   **ATTORNEY'S FEES**

11   25. Pursuant to the credit card agreement and California Code of Civil Procedure §1717.5,

12   Plaintiff is entitled to recover reasonable attorney's fees and court costs for the pursuit of

13   this action. Such amount is subject to determination by the Court, and Plaintiff requests

14   that the Court award attorney's fees in the amount that it determines to be reasonable in

15   this action, together with costs.

16   **PRAYER**

17   Plaintiff prays for the following on all causes of action:

18   1. An award of damages in the amount of $11,133.83, which is the unpaid amount owed by

19   Defendant;

20   2. Interest at the rate of 10% per year, from September 07, 2011 to the date of Judgment;

21   3. Costs of suit herein;

22   4. Reasonable Attorney's fees pursuant to contract and California Code of Civil Procedure

23   §1717.5, in the amount determined by court to be reasonable;

24   5. All such other and further relief to which Plaintiff may be legally entitled.

25   Dated:    October 26, 2011                    By: _____

26                                                David Sean Dufek,
                                                 Counsel for CACH, LLC

27

28

David Sean Dufek, Esq
2655 Camino Del Rio North Suite 110
San Diego, CA 92108
(619) 299-1709  Fax  (619) 299-1951

5

## DECLARATION OF VENUE

I, David Sean Dufek, state:

1. I am the attorney for Plaintiff. This judicial district is appropriate venue for this action because:

      [ ] At least one defendant's principal place of business is in this judicial district.

      [X] At least one defendant resides in this judicial district.

      [ ] The obligation was incurred in this judicial district.

2. This action is subject to:

      [X] Civil Code section 1812.10

      [ ] Civil Code section 2984.4

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated: October 26, 2011

                                   David Sean Dufek,
                                   Attorney for Plaintiff, CACH, LLC
                                   Declarant

6

3    I am one of the attorneys for Petitioner CALIFLAND, who is a party to this action.

4    Complainant is absent from the county where my offices are located, and is unable to verify this

5    petition.  I am authorized to make this verification on Plaintiff's behalf.

6         I have read the foregoing Complaint and accompanying documents and know its contents.

7    I am informed and believe and on that ground allege that the  matters stated int the Complaint

8    are true.

9         I declare under penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct.

11

12   Dated: October 26, 2011

13                                    David Sean Dufek, Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    7

EXHIBIT 8

## Affidavit of Debt

I, Carla Hawkins, the Sales Liaison(title) of Wells Fargo Card Services ("Creditor") am duly authorized by my employer Wells Fargo Bank, N.A. (title) and sworn to make the following statements:

1.      There is due, payable and owing from MICHAEL L FERRINI ("Debtor"), which Debtor's account number is 4465425090146977 (the "Account"), the principal amount $11133.83 as of 12/22/2010 (date) pursuant to the terms and conditions of the Account's agreement (the "Agreement"). Creditor opened or acquired the Account on 09/08/2005 (date). The Agreement holds Debtor liable for reasonable attorney fees.

2.      The Account was, on 12/22/2010, sold, transferred, assigned and conveyed to CACH, LLC("Buyer") with full power and authority to do and perform all acts necessary for the collection, settlement, adjustment, compromise or satisfaction of said claim. Further, Affiant states that, to the best of Affiant's knowledge, information and belief, there are no uncredited payments, just counter claims or offsets against the Account or the underlying debt. Further, Affiant acknowledges that, in making this affidavit, Buyer is now the owner of the Account, and that Buyer has complete authority to settle, adjust, compromise and satisfy the same and that Creditor has no further interest in the Account or the debt underlying the Account for any purpose.

3.      Creditor is the originator of the Account and was the servicer of the Account prior to the sale of the Account to Buyer. All applicable and appropriate legal documentation, including, but not limited to, the Agreement, was executed by Creditor and/or Debtor, as applicable, in connection with the origination of the Account. Due to Debtor's non-payment of the Account, Creditor charged-off and sold the Account to Buyer. The balance of the Account set forth in Paragraph 1 hereof is due and outstanding.

_____   (Affidavits Signature)

Carla Hawkins, Sales Liaison_____   (Affidavit's Printed Name & Title)

Dated:    September 19, 2011

State of Iowa
County of Polk
Dated:  September 19, 2011



Personally appeared the above-named Affiant and made oath that he/she has read the above and knows the contents hereof; that the same is true of his personal knowledge; and I do hereby certify under my seal that I am authorized to administer oaths under and by virtue of the laws of the State of Iowa.

Before Me:

_____

Notary Public

EXHIBIT 9

**RESOLVING DISPUTES—ARBITRATION PROGRAM.** Maintaining good relationships with our customers is very important to us. We ask you to contact us whenever you have a problem with one of your accounts, or loans with us or a service we provide to you. Often a telephone call will resolve the matter quickly and amicably. However, if you and we are not able to resolve our differences informally, you agree that any dispute between you and us, regardless of when it arose, will be settled, at the option of you or us, using the following procedures.

**YOU UNDERSTAND AND AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL OR A TRIAL BEFORE A JUDGE IN A PUBLIC COURT.**

**Disputes.** A dispute is any unresolved disagreement between you and us which relates in any way to accounts, loans, services or agreements subject to this Arbitration Program. It includes any claim or controversy of any kind which arises out of or is in any way related to these accounts, loans, services or agreements. It includes claims based on broken promises or contracts, tort (injury caused by negligent or intentional conduct), breach of fiduciary duty or other wrongful actions. It also includes statutory, common law, and equitable claims. A dispute also includes any disagreement about the meaning of this Arbitration Program and whether a disagreement is a "dispute" subject to binding arbitration as provided for in this Arbitration Program.

**Binding Arbitration.** Binding arbitration is a means of having one or more independent third parties resolve disputes without using the court system. Judges or juries, if either you or we fail to submit to binding arbitration following a lawful demand, the party who fails to submit shall bear all costs and expenses incurred by the party compelling arbitration. Each arbitration, including the selection of arbitrators, will be administered by the American Arbitration Association (the "AAA") pursuant to the commercial arbitration rules of the AAA. Each arbitration will be governed by the provisions of the Federal Arbitration Act (Title 9 of the United States Code), and, to the extent any provision of that Act is inapplicable, unenforceable or invalid, the laws of the state governing the relationship between us about which the dispute arose. To find out how to initiate an arbitration, simply call any office of the AAA.

**Right To Other Remedies Preserved.** Neither this Arbitration Program, nor the exercise of any of the rights you and we have under this Agreement, shall stop you or us from exercising any lawful rights either of us has to use other remedies available for the purpose of (1) preserving, foreclosing or obtaining possession of real or personal property; (2) exercising self help remedies including set off and repossession rights; or (3) obtaining provisional or ancillary remedies such as injunctive relief, sequestration, attachment, garnishment, or the appointment of a receiver by a court having jurisdiction.

**Miscellaneous.** The AAA, the arbitrators and the parties, you and we, shall, to the extent feasible, take any action necessary to assure that an arbitration proceeding hereunder is finished within one hundred eighty (180) days of the filing of the dispute with the AAA. Arbitration proceedings shall be conducted in the state in which you reside at a location determined by the AAA. If statutes of limitations applicable to any dispute shall apply to any arbitration between you and us. If a claim is properly filed in a small claims or justice court and if the small claims or justice court has jurisdiction to resolve the claim, including all cross-claims and counterclaims, then the party that demands arbitration and removes the claim from the small claims or justice court shall pay the administrative fee of the AAA and the fees, costs and expenses of the arbitrator.

**Judicial Reference (California only).** If an action or proceeding is commenced by a complaint before any court in California and neither you nor we request that the dispute be submitted to arbitration, then, upon motion by either you or us, the dispute shall be heard by a reference under the provisions of the California Code of Civil Procedure, Section 638 and following. The referee shall be either a practicing attorney or a retired judge. The reference process is not subject to a trial by jury.

**Important notice to our customers who contact us by phone.** To ensure that your inquiries are handled promptly and courteously and accurately, some of the telephone calls between Bank customers and our customers may be monitored and recorded by supervisory or management personnel.

**Important notice to our customers when we contact you by phone.** To help us provide the most efficient service to you, you agree to accept calls from the Bank which begin with a taped message which states: "This is a business call from Wells Fargo Bank..." To ensure that we handle these calls courteously and accurately, some of the telephone calls between Bank employees and our customers may be monitored and recorded by supervisory or management personnel.

**Member FDIC**

## WELLS FARGO BANK, N.A.

P.O. Box 4136
Concord, CA 94524-4136

Call toll free (800) 946-2036
Hearing and Speech Impaired Customers,
call the TDD number (925) 866-7337

F5746D (6/94)

# WELLS FARGO

## CreditLine
Account Agreement and
Disclosure Statement
Effective August 20, 1996

**RETAIN FOR YOUR RECORDS.**

**YOUR AGREEMENT.** In this Account Agreement and Disclosure Statement (hereafter "Agreement") the words YOU, YOUR and YOURS mean each and all of the borrowers who signed the application for your CreditLine account. The words WE, US, OUR and BANK mean Wells Fargo Bank, N.A.

If we approve your application, you will be bound by the terms and conditions of this Agreement from the time your account is opened. You understand and agree that each person signing the application has the right to use the account and is individually and jointly liable for all amounts owing on the account.

**YOUR CREDIT LIMIT.** Your account is a revolving line of credit. As you use your account, the balance of your account, consisting of all Advances and fees, will be deducted from your credit limit. As you make payments on your account which will reduce the amount you owe, your credit limit will be replenished. You agree not to use your account in any way which would cause the balance of your account to exceed your credit limit. If the balance of your account exceeds your credit limit, you will be in default of this Agreement. Your credit limit and available credit will be displayed on your monthly billing statements.

You may reduce your credit limit by any amount and we may refuse to make further Advances on your account upon reevaluation of your credit-worthiness. In the event of your default, for business reasons as determined by us, or as required by law.

**CONDITIONS OF ACCESSING YOUR ACCOUNT.** While your account is open and not in default or closed, you may obtain Advances on your account. Advances are any debits made to your account at your request, including by: (A) writing a CreditLine check (we will not return your cancelled CreditLine checks after paying them), (B) requesting an Advance in person at any Bank branch, (C) calling our Line of Credit Center to request an Advance by phone if you have a Wells Fargo Bank checking or savings account, and (D) transferring or withdrawing funds out of your CreditLine account by using your Wells Fargo Express™ card at any Wells Fargo Express™ ATM, if your Express card has been linked to your CreditLine account. All Advances are subject to a $300 minimum. We may charge you $1.00 for every item under $300.

You promise and agree that you will not obtain any Advance that would result in a default or would violate any law. We may refuse to pay any Advance which does not comply with every requirement of this Agreement. Or, we may choose in our sole discretion to pay any such Advance made on your account. And, we may charge Advances to your account in any sequence convenient to us. We are not responsible to you in any manner if anyone refuses to accept a CreditLine check from you as a means of payment.

You may request that your Wells Fargo Express ATM card be used to access your account at any Wells Fargo Express ATM. Subject to your account being in an open status and having available credit, you may do the following

If your account is closed for any reason, the Current Due portion of your Minimum Payment will no longer decrease as your account balance is paid off. Instead, it will be fixed at an amount equal to the Current Due amount (excluding any amount by which your principal balance exceeds your credit limit) shown on your first statement prepared after we close your account in addition to this fixed amount, you will continue to be billed on each statement for the full amount by which your principal balance then exceeds your credit limit.

We reserve the right to revise the Minimum Payment calculations described above, for both open and closed accounts, to ensure that Minimum Payments are always sufficient to reduce your outstanding account balance each month by some reasonable amount.

**ALLOCATION OF PAYMENT.** We will apply each payment you make to your account obligations in the following order, paying each obligation completely before applying the remainder (if any) of the payment to the next obligation on the list: (A) Periodic FINANCE CHARGES, (B) Membership Fees, (C) Late Charges, (D) all other account obligations, including Advances.

**FINANCE CHARGE.** All Advances and other debits to your account (except for Periodic FINANCE CHARGES, Late Charges, Opening Fees, and Membership Fees) are subject to a Periodic FINANCE CHARGE from the date posted to your account until paid. Your Periodic FINANCE CHARGE is based on your Average Daily Balance for the billing period.

**DETERMINING YOUR AVERAGE DAILY BALANCE:** The Bank will calculate the Average Daily Balance for the billing period by starting with the balance you owe at the beginning of each day and subtracting any payments and credits posted to your account that day. Then we add any new debits (Advances and any fees and charges) which are posted to your account that day. We then subtract any unpaid Periodic FINANCE CHARGE, Late Charge, Opening Fee, Membership Fee, or other fees to determine the principal balance for the day. The principal balance due for each day in the billing period will be added together and then divided by the number of days in the billing period. The result is your Average Daily Balance which the amount subject to the Periodic FINANCE CHARGE.

**MONTHLY PERIODIC FINANCE CHARGE:** The Monthly FINANCE CHARGE is figured on your statement clothing date by multiplying the Average Daily Balance on your account by the Monthly FINANCE CHARGE Rate. The Monthly FINANCE CHARGE Rate is calculated by dividing the Annual Percentage Rate by twelve. Your Monthly FINANCE CHARGE Rate for your account is a variable rate subject to change monthly based on the Index plus a Spread of 6.95%. Using the Index in effect as of June 1, 1998, the Monthly FINANCE CHARGE Rate would be 1.2875%, (15.45% ANNUAL PERCENTAGE RATE). The Monthly FINANCE CHARGE Rate will not decrease below 1.2466% (15.2% ANNUAL PERCENTAGE RATE). The Monthly Periodic FINANCE CHARGE Rate, and corresponding ANNUAL PERCENTAGE RATE may change each month, as the Index changes. Any increase or decrease in your Monthly FINANCE CHARGE Rate will be effective the first day of the next month and will apply to both current and future balances on your account. The Monthly FINANCE CHARGE Rate will continue to vary even if your account is closed. The Rate will not change during the course of any one billing period. On the date your statements are normally prepared, we will take the Index as effective for that day and add it to an amount we refer to as the Spread. The total is divided by 12 to determine the Monthly Periodic Finance Charge Rate for the entire NEXT monthly billing period for your account. As a result, the Monthly Periodic Finance Charge Rate for each billing period is determined based on the Index and Spread effective on the statement preparation date immediately preceding the billing period. The increases and decreases caused by changes in the Index which is used to determine the Monthly

Periodic Finance Charge Rate for your account, will take effect immediately on the first day of each succeeding billing period and will remain in effect for the entire billing period.

**THE INDEX:** The Index will be the Prime Rate as published in the Money Rates column of the Wall Street Journal (Western Edition) on the fifteenth of each month. If the fifteenth falls on a Saturday, Sunday or holiday when the Wall Street Journal is not published, the Prime Rate published on the next business day will be used. If more than one Prime Rate is published, the lowest Prime Rate will be used for the calculation. If the Prime Rate is no longer published, quoted, is discontinued or otherwise becomes unavailable, we will select as a successor any Index not prohibited by law.

**Effective June 1, 1998,** the Index used to calculate your Annual Percentage Rate (APR) will be subject to a minimum of 6.95% for each billing period to which the Index is below 6.95%; your APR will be based on a minimum Index value of 6.95% plus the Spread that applies to your account.

**THE SPREAD:** The Spread for your account is an amount equal to **6.95%**.

**ANNUAL PERCENTAGE RATE:** The ANNUAL PERCENTAGE RATE is calculated for each billing period by adding the current Index plus the applicable Spread.

**FEES AND OTHER CHARGES:** In addition to the FINANCE CHARGE, the following Fees/Charges may be added to your account:

- **Opening Fee:** You will be billed a one-time Opening Fee of $60.00 on your first monthly billing statement. This is a non-refundable FINANCE CHARGE.

- **Membership Fee:** Your account will be billed an annual Membership Fee of $45 each year the account is open, whether or not you use your account. This fee is waived for the first year and billed in the second year on the monthly billing statement prepared in your account Anniversary Month. This fee is non-refundable once it is billed to your account.

- **Service Fee:** If your account is closed with an outstanding balance, we may charge a Service Fee of $1.50 per month for services rendered and maintaining your account. All Service Fees are payable when posted to your account and are non-refundable.

- **Stop Payment Fee:** The charge for each CreditLine check stop-payment is $5.

- **Investigation Fee and Photocopy Fee:** If, for any purpose other than a billing error inquiry, you request us or you authorize a request to investigate your account or provide photocopies of account documents (including CreditLine checks), we will charge you a fee. The Investigation Fee will be $20.00 per hour and the Photocopy Fee will be $5.00 per copy.

- **Return Payment Charge:** If you make a payment with a check (or other payment instrument) which is not honored for any reason, we will charge you $10.00.

- **Collection Costs and Attorneys' Fees:** If you are in default, you must pay our collection costs, attorneys' fees, and other expenses of enforcing our rights under the terms and conditions of this Agreement, subject to applicable law.

- **Late charge:** If we do not receive your Total Minimum Due within 15 days after your Payment Due Date shown on your previous billing statement we may impose a late charge of $15.

**CHANGE OF ADDRESS.** You must notify us immediately of any change in the location of your residence or mailing address.

**SHARING INFORMATION.** You agree that the Bank may provide your name, address and other information about you or your account to its affiliates or to third parties to provide services relating to your account or to offer other products and services.

From time to time, we may share credit information about you with our affiliates to determine your eligibility for other Wells Fargo products and services. If you do not want us to share this information with our affiliates, please write to: Wells Fargo Bank, Customer Service Department, P.O. Box 4017, Concord, CA 94524-4017.

**LOST OR STOLEN CREDITLINE CHECKS.** If any of your CreditLine checks are ever lost or stolen, you must notify us immediately by phone call to toll-free (800) 946-2626, and then confirm this information in writing.

**CLOSURE OF ACCOUNT.** You may close your account at any time by sending a letter to the Bank requesting that your account be closed, and destroying your unused CreditLine checks. We can close your account at any time, for business reasons or in response to your handling of the account, including payment by insufficient or uncollected funds. We can do this without notice to you except in those situations where notice is required by law. If we close your account, we may return to the payee, without paying, any outstanding CreditLine check drawn on your account or refuse to honor any other Advance request. You will continue to be responsible for full payment of the balance of your account, as well as any subsequent FINANCE CHARGE and other charges, fees and costs, all according to the terms of this Agreement.

**REEVALUATION OF YOUR CREDITWORTHINESS AND CREDIT REPORTS.** We may reexamine and reevaluate your creditworthiness at any time by obtaining your credit bureau report. You agree to submit current financial information to us if we request it.

**WAIVER.** We may waive any of our rights under this Agreement from time to time, without affecting any of our other rights.

**SECURITY INTEREST, BANKER'S LIEN AND RIGHT TO SETOFF.** The performance of your obligations under the terms and conditions of this Agreement may be secured by a general lien (arising by operation of law) upon any of your personal property which is in our possession at the time any payments are due. Your account is not secured by any other personal property or any real property regardless of any other agreements we may have with you. In the event you do not make payments on your account as agreed, we may exercise our right of setoff against any obligation outstanding from us to you, including a setoff against any deposit account(s) you may have with us, but only to the extent permitted by law.

**DEFAULT.** If you fail to comply with any of the terms or conditions of this Agreement, you will be in default. You will also be considered to be in default upon your death, bankruptcy, or insolvency, or if a bankruptcy petition is filed by or against you or your spouse, or in the event you fail to make payments on any other loan accounts with Wells Fargo Bank, N.A. or any of its affiliates, or we believe in good faith that the prospect of your payment or performance of your obligations under this Agreement is impaired. If you are in default, we can close your account and require payment of the entire balance of your account immediately, without notice, and/or return to the payee, without paying, any outstanding CreditLine checks or refuse to honor any other Advance request drawn on your account.

If you are in default, the method for determining the Monthly Periodic FINANCE CHARGE and your Minimum Payment Due will remain as described in this Agreement.

EXHIBIT 10

1   Law office of David Sean Dufek
    David Sean Dufek SBN 193723
2   2655 Camino Del Rio North #110
    San Diego, CA 92108
3   (619) 299-1709 fax (619) 299-1951

4

5   Counsel for Plaintiff, CACH, LLC

6

7

8                    SUTTER COUNTY SUPERIOR COURT

9           COURTHOUSE EAST, LIMITED JURISIDCTION CASE

10  CACH, LLC                          )      Case # CVCM11 2344
                                       )
11                                     )
    Plaintiff,                         )      DECLARATION IN SUPPORT OF MOTION
12                                     )      FOR AN ORDER TO COMPEL RESPONSE
                                       )      TO REQUEST FOR PRODUCTION OF
13  v.                                 )      DOCUMENTS, REQUEST FOR
                                       )      ADMISSIONS, SPECIAL
14  MICHAEL L FERRINI, and DOES 1      )      INTERROGATORIES AND FORM
    THROUGH 10, Inclusive,             )      INTERROGATORIES
15                                     )
                                       )
16  Defendants.                        )
                                       )      Hearing Date: 03/05/12
17  _____  )      Time:  9:00 AM
                                              Dept:  B
18

19      I, DAVID SEAN DUFEK, Declare as follows:

20  1.      I am an attorney, licensed to practice law in the State of California.  I am counsel of record for

21  Plaintiff, CACH, LLC.  As counsel of record I am familiar with the file, pleadings and matters

22  contained therein.

23  2.      I make the following declaration based on my own knowledge, except as to those matters

24  which I allege on information and belief, and as to those matters, I believe them to be true.

25  3.      On December 21, 2011, I reviewed the Court website and determined that Defendant had filed

26  an answer to Plaintiffs complaint.  Although my office was never served with a copy of the Answer, I

27  felt that Defendant may have raised potential defenses which could affect this litigation.

28

DECLARATION IN SUPPORT OF MOTION TO COMPEL DISCOVERY                                    Page 1

4.      In order to adequately prepare for trial, I prepared discovery demands, including request for production of documents, form interrogatories, request for admissions, and special interrogatories, requesting that Defendants provide us with documents and information sufficient to adequately prepare for upcoming litigation.

5.      My office served Michael L Ferrini, 1620 Elizabeth Ln, Yuba City, CA 95993 with discovery on December 26, 2011, consisting of request for production of documents, form interrogatories, special interrogatories, and request for admissions.

6.      Attached as exhibit "E" to Plaintiff's notice of lodgment are the original proofs of service, indicating that these documents were served on Defendant by first class mail.

7.      The responses were due on or before January 26, 2012.  To date, no responses have been received, and I have not been contacted by Defendants asking for more time to respond.

8.      I have spent 3.25 hours preparing this motion.  Specifically, I spent 2.5 hours preparing the Motion and Notice of Motion, researching and preparing the Memorandum of Points and Authorities and preparing the Notice of Lodgment. I also spent .5 hour preparing this declaration, and .25 hours preparing the proof of service, mailing of same.

9.      I am the owner of my own law firm. I handle thousands of cases for my client, and I have been licensed to practice law in the State of California for 14 years. My hourly billing rate is $250.00 per hour. I am informed and believe that this is a reasonable hourly rate of billing for attorneys of my experience and responsibility.

10.     I also paid $40.00 for the Motion and Hearing fee. I am requesting that I be reimbursed for having to bring this motion in the sum of $852.50, which is $812.50 for my time, and $40.00 for the filing fee. I believe that this reflects a reasonable amount of time and expense for the instant motion.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: 1/26/12                    By: _____
                                          David Sean Dufek, Esq.

EXHIBIT 11

| Attorney or Party without Attorney:<br>MICHAEL FERRINI, IN PRO SE<br>1620 ELIZABETH LANE<br>YUBA CITY, CA 95993<br>Telephone No: (530) 300-5165 | | | | For Court Use Only<br>**ENDORSED FILED**<br><br>**DEC 2 1 2011** |
|---|---|---|---|---|
| | | Ref. No. or File No.: | | |
| Attorney for: Plaintiff | | | | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SUTTER |
| Insert name of Court, and Judicial District and Branch Court:<br>SUTTER COUNTY SUPERIOR COURT | | | | CLERK OF THE COURT<br>By___ MICHAEL BURGESS      Deputy |
| Plaintiff: CACH, LLC. | | | | |
| Defendant: MICHAEL FERRINI | | | | |

| **PROOF OF SERVICE**<br>**MOTION** | Hearing Date:<br>Mon, Jan. 09, 2012 | Time:<br>9:00AM | Dept/Div:<br>B | Case Number:<br>CVCM112344 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the MOTION; MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

*3. a. Party served:*       LAW OFFICE OF DAVID DUFEK
   *b. Person served:*      party in item 3.a.,RECEIVING AGENT, LAUREN RODRIGUEZ,, Hispanic,
                                 Female, 30 Years Old, Black Hair, 155 Pounds

*4. Address where the party was served:*      2655 CAMINO DEL RIO N. SUITE 110
                                                   San Diego, CA 92108

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
     process for the party (1) on: Tue., Dec. 13, 2011 (2) at: 3:35PM

*7. Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Cheyanne Abolt                        d. *The Fee for Service was:*    $75.00
   b. S.S. Legal Services                    e. I am: (3) registered California process server
      697 North Palora Ave.                         *(i)*   Employee
      Suite G                                     *(ii)*  *Registration No.:*    1708
      Yuba City, CA 95991                     *(iii)* *County:*         San Diego
   c. (530) 917-2833, FAX (530) 695-2810

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Wed, Dec. 14, 2011*

                                                       (Cheyanne Abolt)