Law office of David Sean Dufek
David Sean Dufek SBN 193723
2655 Camino Del Rio North #110
San Diego, CA 92108
(619) 299-1709 fax (619) 299-1951

Counsel for Defendant, CACH, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL FERRINI,

Plaintiff,

v.

CACH, LLC, JAMES ANTHONY CAMBECE, JR., DAVID SEAN DUFEK,

Defendants.

Case No. 2:12-CV-01954-MCE DAD

**BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS OR IN THE ALTERNATIVE DISMISS CASE**

**HEARING DATE: October 18, 2012**
**HEARING TIME: 2:00 PM**
**DEPARTMENT: Courtroom 7**

**INTRODUCTION**

Plaintiff and Defendant CACH LLC are already in Arbitration, such arbitration demanded by Plaintiff in the state court action between the parties; therefore, it is proper that the Court grant Defendant's Motion to Compel Arbitration.

**STATEMENT OF RELEVANT FACTS**

This lawsuit arises out of a Consumer Credit Card Account. Plaintiff obtained a credit card from Wells Fargo Bank on September 8, 2005. Plaintiff agreed to abide by the terms of the Cardmember Agreement provided with the Card. Plaintiff received the card, used the card, yet did not pay. The Cardmember Agreement, the operative document in relation to the credit card, contained a provision for arbitration of all disputes, whenever such dispute arose.

On April 30, 2010, Wells Fargo charged off Plaintiff's delinquent account and sold the account to Defendant CACH, LLC. CACH LLC made informal attempts to collect the unpaid account, totaling $11,133.83, to no avail. On November 15, 2011, CACH LLC filed suit against

Plaintiff in the Sutter County Superior Court, Case #CVCM11-2344, seeking damages in the amount of $11,133.83, costs, fees and interest.

On December 5, 2011, Plaintiff filed a Motion to Compel Arbitration in the Sutter County Case, alleging that a binding arbitration clause exists in the contract. The Motion to Compel Arbitration in the Sutter County Case was not opposed by CACH, LLC, and on December 26, 2011, the Stipulated Order to submit the matter to binding arbitration was filed by CACH LLC in the Sutter County Court. On January 9, 2012, the Sutter County Court approved yhe Stipulation to submit the case to binding arbitration and stayed all proceedings between the parties pending Arbitration.

Between January 9, 2012 and July 30, 2012, the Plaintiff and CACH, LLC chose an arbitrator and an initial hearing was scheduled. Plaintiff filed the instant suit in Federal Court on July 25, 2012. On July 30, 2012, the JAMS Arbitrator held a preliminary hearing. At the preliminary hearing, discovery issues were noted, and a continued preliminary hearing was set for September 17, 2012.

## QUESTIONS PRESENTED

Should the Court order a dispute to arbitration when a valid and binding arbitration agreement exists between the parties, and the claims alleged by Plaintiff relate to the underlying document containing the arbitration agreement.

## ARGUMENT

### A. The claims asserted by Plaintiff in this matter should be submitted to arbitration because they arise out of and relate to the contract and the arbitration clause in the contract is enforceable.

The Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (the "FAA") governs this case because the dealings between the parties are subject to a provision providing for binding arbitration. Section 2 of the FAA states:

> "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or any agreement in writing to submit to arbitration an existing

> controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
>
> 9 U.S.C. §2

The United States Supreme Court has held that the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration", Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24,-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The federal courts follow the rule that there is a presumption in favor of arbitration. In fact, arbitration should be refused only where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

In this case, Plaintiff has already asserted his right to have the dispute with Defendant arbitrated. The arbitration has already begun. This Federal Court case should also be resolved through the same arbitration proceeding already initiated at Plaintiffs' request.

**B. The Arbitration provision in the cardmember agreement is clearly enforceable; Plaintiff has already exercised his right to have this dispute resolved under its provisions.**

As cited by Plaintiff in his moving papers in the Sutter County Case, a binding arbitration clause exists as follows in verbatim:

> ***"Resolving Disputes/Arbitration Program"***
>
> …if you and we are not able to resolve our difference informally, you agree that any dispute between you and us, regardless of when it arose **will** be settled, at the option of you or us, using the following procedures.
>
> ***Binding Arbitration***
>
> ...If either you or we fail to submit to binding arbitration following a **lawful demand,** the party who fails to submit shall bear all costs and expenses incurred by the party compelling arbitration. Each arbitration, including the selection of arbitrators will be administered by the American Arbitration Association (the "AAA") pursuant to the Commercial Arbitration rules of the AAA, each arbitration will be governed by the provisions of the Federal Arbitration Code (Title 9 of the United States Code), and to the extent any provisions of that act is inapplicable,

> unenforceable, or invalid, the laws of the state governing the relationship between us about which the dispute arose. To find out how to initiate arbitration, simply call any office of the AAA." (Emphasis in original)

Plaintiff's Motion to Compel Arbitration and Stay proceedings, pages 1-2.

Finally, in his moving papers in the Sutter Superior Court, Plaintiff states that "[Michael Ferrini] respectfully requests that this Honorable Court: ... Enter an Order for [CACH, LLC] to initiate and arbitrate the controversy with the American Arbitration Association pursuant to .... Title 9 of the United States Code." Plaintiff's Motion to Compel Arbitration and Stay proceedings, page 4.

Therefore, as Plaintiff himself has so ably pointed out, the disputes between Plaintiff and Defendant CACH, LLC should be arbitrated; This Court should agree with Plaintiff and grant CACH, LLC's Motion to Compel Arbitration.

**C. Defendant CACH LLC has a right to rely on the arbitration provisions under the doctrine of equitable estoppel.**

Initially, it must be noted that CACH LLC, Plaintiff in the Sutter County case and Defendant here, is not a signatory to the original cardmember agreement between Plaintiff and Wells Fargo Bank. However, CACH LLC does now own all right title and interest to the account between Plaintiff and Wells Fargo; absent an opportunity to rely on the cardmember agreement, CACH LLC is precluded from enforcement of its rights. Therefore, even though CACH LLC is not a signatory to the arbitration agreement, under the common law doctrine of equitable estoppel, CACH LLC can rely on the provisions of the cardmember agreement to compel arbitration.

Under the doctrine of equitable estoppel, "a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where a careful review of the relationship among the parties, the contracts they signed . . . and the issues that had arisen among them discloses that the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Lucy v. Bay Area Credit Svc LLC, 792 F. Supp. 2d 320 (D. Conn. 2011).

For this reason, the court should compel Plaintiff to arbitrate his claims against CACH, LLC.

**D. The claims against the remaining defendants should be arbitrated as well.**

Plaintiff's claims against Cambese and Dufek are based on allegations that they violated the FDCPA and RFDCPA when they were attempting to enforce the cardmember agreement to collect the unpaid debt. Plaintiff characterizes Cambese and Dufek as "an officer, director, agent, servant, employee, and/or joint venturer."

Given that Defendants Cambese and Dufek were attempting to act on behalf of Defendant CACH, LLC, at all times during their interactions with Plaintiff which have given rise to the allegations of the complaint, Plaintiff's claims against Cambese and Dufek should be arbitrated as well. In the absence of an express contractual agreement to arbitrate with a non-signatory, traditional state-law contract principles can be used "by or against nonparties" to enforce an arbitration agreement. Arthur Andersen, LLP v. Carlisle, 129 S. Ct. 1896, 1902 (2009). By agreeing to arbitrate "any dispute… regardless of when it arose", Plaintiff agreed to have his claims against Cambese and Dufek resolved through the arbitration proceeding he has already demanded be implemented. This Court should agree as well that Plaintiff should arbitrate these claims against Cambese and Dufek, since Plaintiff previously insisted that the arbitration provision be enforced.

**E. The FDCPA and RFDCPA claims are not an impediment to arbitration.**

Plaintiff will likely argue that not all of his claims are based on the cardmember agreement and therefore his Federal claim should not be submitted to arbitration. However, closer scrutiny of these claims reveals that they are not an impediment to CACH LLC's right to have the claims in this matter included in the arbitration that Plaintiff has already caused to be commenced.

Plaintiff's first claim for relief alleges violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 against Defendants James Anthony Cambece Jr, David Sean Dufek, and CACH, LLC. Defendants James Anthony Cambece Jr and David Sean Dufek are both attorneys who represent Defendant CACH, LLC. According to Plaintiff's complaint, Defendant CACH LLC

is vicariously liable to Plaintiff for the acts of Cambece and Dufek. Plaintiff's complaint, page 5 lines 8-9.

Plaintiff's second claim for relief also alleges violations of the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §1788-1788.33 against Defendants James Anthony Cambece Jr, David Sean Dufek, and CACH, LLC. Again, Plaintiff alleges that all Defendants are liable. Plaintiff's complaint, page 13 line 8.

Put simply, the gist of the two claims is that Defendants, in furtherance of attempts to enforce the terms of the cardmember agreement, violated State and Federal law. However, these claims both fall squarely within the provisions of the arbitration agreement, which states that "…if you and we are not able to resolve our difference informally, you agree that any dispute between you and us, regardless of when it arose will be settled, at the option of you or us, using the following procedures…. Binding Arbitration…"

Plaintiff's claims fall within the scope of the agreement and are arbitrable. In light of this and the strong federal policy favoring arbitration, it is appropriate to compel arbitration of Plaintiff's FDCPA claims.

Finally, as Plaintiff has no other claims outside the provisions of the FDCPA and the RFDCPA, this Court should also dismiss this action after sending the matter to arbitration, since the arbitration that is currently in progress is binding.

**CONCLUSION**

Plaintiff has elected to have this dispute with Defendants resolved by way of binding arbitration. Given that, Plaintiff should be required to have all disputes resolved by way of binding arbitration. This Court should order that the instant case be ordered to binding arbitration and the suit dismissed, or in the alternative, the action stayed pending arbitration.

Dated: August 17, 2012

By: [signature]
David Sean Dufek, Esq. SBN 193723
Counsel for Defendant, CACH, LLC