1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MICHAEL FERRINI,

10          Plaintiff,                        No. 2:12-cv-01954 MCE DAD PS

11      v.

12   JAMES ANTHONY                        ORDER
     CAMBECE JR., et al.,
13

14          Defendants.

15   _____/

16          Plaintiff, Michael Ferrini, commenced this action on July 25, 2012 by filing a

17   complaint and paying the required filing fee.  (Doc. No. 1.)  Plaintiff is proceeding in this action

18   pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21)

19   and 28 U.S.C. § 636(b)(1).

20          On August 23, 2012, defendant CACH, LLC filed an amended notice of motion

21   and motion to compel arbitration and stay proceedings or, in the alternative, to dismiss this

22   action, and set the matter for hearing before the undersigned on October 19, 2012.[1]  (Doc. No. 9.)

23   On October 3, 2012, plaintiff filed a document styled "PLAINTIFF'S FIRST AMENDED

24

25          [1]  Defendant James Anthony Cambece, Jr., and defendant David Sean Dufek joined in the
     motion to compel arbitration and stay proceedings or, in the alternative, to dismiss this action.
26   (Doc. Nos. 6 & 7.)

                                          1

1    COMPLAINT AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO

2    COMPEL ARBITRATION."  (Doc. No. 10.)  Thereafter, on October 12, 2012, plaintiff filed a

3    document styled "PLAINTIFF'S FIRST AMENDED COMPLAINT."  (Doc. No. 11.)

4        Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may

5    amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the

6    pleading is one to which a responsive pleading is required, 21 days after service of a responsive

7    pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

8    Here, plaintiff did not file his amended complaint within 21 days of the date defendants were

9    served with the original complaint nor within 21 days of the date defendants served their motion

10    to compel arbitration.  Plaintiff, therefore, is not entitled to amend his complaint as a matter of

11    course.

12        Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading

13    only with the opposing party's written consent or the court's leave."  Here, plaintiff has not

14    obtained the defendants' written consent to amendment.  Nor has plaintiff moved the court for

15    leave to amend.  However, Rule 15(a)(2) also provides that the "court should freely give leave

16    when justice so requires."  The policy with respect to leave to amend is "to be applied with

17    extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.

18    2003) (citations omitted).  In light of plaintiff's pro se status, and the apparent absence of bad

19    faith, undue delay, prejudice to the opposing party or futility, the court will construe plaintiff's

20    filings as a request for leave to amend and grant plaintiff leave to amend his complaint.

21        However, both plaintiff's purported first amended complaint filed on October 3,

22    2012, and the purported first amended complaint filed on October 12, 2012, provide that the

23    allegations of the original complaint are to be incorporated in the purported amended complaint

24    as though fully set forth.  Local Rule 220 requires that any amended complaint be complete in

25    itself without reference to prior pleadings.  "'The amended complaint supersedes the original, the

26    latter being treated as nonexistent.'"  Lacey v. Maricopa County, 640 F.3d 1118, 1137 (9th Cir.

2011) (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967)).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, the court will direct the Clerk to strike plaintiff's proposed first amended complaints and plaintiff will be given an opportunity to file a second amended complaint that complies with the terms of this order.

Plaintiff is advised, however, that the amended complaint must include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.  In this regard, to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555.  <u>See</u> <u>also</u> <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in

ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

> The minimum requirements for a civil complaint in federal court are as follows:
>
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall strike the proposed amended complaint filed by plaintiff on October 3, 2012 (Doc. No. 10);

2.  The Clerk of the Court shall strike the proposed amended complaint filed by plaintiff on October 12, 2012 (Doc. No. 11);

3.  Within 30 days from the date of this order plaintiff shall either file a notice of his intention to proceed on his original complaint or shall file a second amended complaint that complies with this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint";

4.  Defendants shall have 14 days to file a response to either plaintiff's filing of a notice of election to proceed on the original complaint or a second amended complaint;

/////

5.  The October 19, 2012 noticed hearing of the defendants' motion to compel arbitration (Doc. No. 9) is vacated, that motion is dropped from the court's October 19, 2012 law and motion calendar and the motion is denied without prejudice to being re-filed and re-noticed for hearing in the event plaintiff elects to proceed on his original complaint or files a second amended complaint; and

6.  Plaintiff is cautioned that failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: October 16, 2012.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ferrini1954.ac.ord