1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MICHAEL FERRINI,

10           Plaintiff,                    No. 2:12-cv-01954 TLN DAD PS

11        v.

12    JAMES ANTHONY                        FINDINGS AND RECOMMENDATIONS
     CAMBECE JR., et al.,
13

14           Defendants.

15    _____/

16           This matter came before the court on January 4, 2013, for hearing of defendants'

17    motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

18    Attorney David Dufek appeared on behalf of the defendants.[1]  No appearance was made by, or on

19    behalf of, plaintiff Michael Ferrini, who is proceeding pro se in this action.[2]  Oral argument was

20    heard, and defendants' motion was taken under submission.

21           Upon consideration of the briefing on file, the argument at the hearing, and the

22    entire file, the court will recommend that defendants' motion to compel arbitration be granted.

23    /////

24    _____

            [1]  Attorney Dufek is also a named defendant in this action.
25
            [2]  Although plaintiff did not appear at the January 4, 2013 hearing, he did file a timely
26    opposition to defendants' motion.  (Doc. No. 15.)

                                               1

1                                    BACKGROUND

2          Plaintiff commenced this action on July 25, 2012, by paying the required filing fee

3    and filing his original complaint.  (Doc. No. 1.)  On November 19, 2012, plaintiff filed an

4    amended complaint asserting causes of action pursuant to the Fair Debt Collection Practices Act,

5    ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and California's Rosenthal Fair Debt Collection Practices

6    Act ("RFDCPA"), CAL. CIV. CODE § 1788, *et seq*.  (Doc. No. 13.)  Plaintiff alleges in his

7    amended complaint the following.  On January 10, 2011, defendants James Anthony Cambece,

8    Jr., ("Cambece"), and Cach, LLC, mailed him a collection letter informing plaintiff of an

9    outstanding debt.  (Am. Compl. (Doc. No. 14) at 3.[3])  On February 8, 2011, plaintiff mailed a

10   letter to Cambece and Cach, LLC disputing the debt, requesting that the debt be validated and

11   requesting that Cambece and Cach, LLC cease and desist from communicating with plaintiff

12   until the debt was validated.  (Id.)  Defendants Cambece, David Dufek and Cach, LLC ignored

13   plaintiff's letter and continued to attempt to collect the alleged debt.  (Id.)

14         Defendants filed the motion to compel arbitration now pending before the court

15   on November 28, 2012.  (MTC (Doc. No. 14.))  According to defendants' motion, on September

16   8, 2005, plaintiff obtained a credit card from Wells Fargo Bank.  (Id. at 1.)  Plaintiff used that

17   credit card but did not pay the balances due.  (Id.)  On April 30, 2010, Wells Fargo Bank sold

18   plaintiff's delinquent account to defendants, who made attempts to collect on the debt.  (Id.)

19         Plaintiff filed his opposition to defendants' motion on December 12, 2012, (Pl.'s

20   Opp.'n (Doc. No. 15)), and defendants filed a reply on December 18, 2012.  (Reply (Doc. No.

21   16.))

22              LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION

23         A written provision in any contract evidencing a transaction involving commerce

24   to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA").  9 U.S.C. § 2.

25   ────────────────────

26         [3]  Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them.  9 U.S.C. § 4.  In deciding a motion to compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

There is an "emphatic federal policy in favor of arbitral dispute resolution." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 631 (1985).  As such, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"  Id. at 626 (quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 at 24-25 (1983)).  "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986) (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982)).  Therefore, an arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  AT&T Mobility LLC v. Concepcion, —— U.S. ——, ——, 131 S. Ct. 1740, 1748 (2011) (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).  Courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms."  Id. at 1748 (quoting Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989).

/////

/////

ANALYSIS

Here, there does not appear to be any dispute that a valid agreement to arbitrate exists and that the agreement encompasses the dispute at issue.  In this regard, plaintiff has submitted along with his opposition to defendants' motion a copy of the "Wells Fargo card member agreement . . . and the arbitration clause contained therein."  (Pl.'s Opp.'n (Doc. No. 15) at 1-2.)  That agreement provides that the parties will submit to binding arbitration "any unresolved disagreement" including "any claim or controversy," as well as "any disagreement about . . . whether a disagreement is . . . subject to binding arbitration . . ."  (Id. at 7.)

Moreover, plaintiff's amended complaint alleges that as part of defendants' efforts to collect on the alleged outstanding debt, defendants filed a compliant against plaintiff in the Sutter County Superior Court.  (Am. Compl. (Doc. No. 13) at 4.)  "Plaintiff motioned in response, pursuant to and in reliance of said contract copy, to compel arbitration with the American Arbitration Association (AAA)."  (Id.)  Plaintiff also asserts in his opposition that the defendants "purchased a contract upon which it based a cause of action and proceeding against the Plaintiff in SUTTER COUNTY . . . .  This contract incorporated an arbitration clause. Plaintiff relied on this arbitration clause . . . to compel defendant . . . into arbitration . . . ."  (Pl.'s Opp.'n (Doc. No. 15) at 2.)  Thus, plaintiff does not dispute the validity or scope of the arbitration agreement and no such assertions are found in plaintiff's opposition to defendants' motion.

Instead, plaintiff's sole opposition to defendants' motion to compel is premised on his assertion that despite the fact that the terms of the applicable arbitration agreement provides that the American Arbitration Association ("AAA") would perform the parties' arbitration, defendants failed to inform plaintiff that AAA refused to arbitrate the parties' dispute and

/////

/////

/////

1  wrongly initiated arbitration through the Judicial Arbitration & Medication Services ("JAMS").[4]

2  (Pl.'s Opp.'n (Doc. No. 15) at 3.).  In this regard, plaintiff assert that "JAMS refused to hear the

3  jurisdictional" argument and that plaintiff therefore "filed this FDCPA lawsuit due to the

4  violations of Plaintiff's due process in reviewing the underlying contract."  (Id.)

5          The fact that AAA would not agree to arbitrate the parties' dispute, however, does

6  not invalidate the parties' arbitration agreement.  See 9 U.S.C. § 5 (providing that if there is "a

7  lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon

8  application of either party to the controversy the court shall designate and appoint an arbitrator . .

9  .")[5]; see also Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1222 (11th Cir. 2000)

10  ("Where the chosen forum is unavailable, however, or has failed for some reason, § 5 applies and

11  a substitute arbitrator may be named."); Selby v. Deutsche Bank Trust Co. Americas, Civil No.

12  12cv01562 AJB (BGS), 2013 WL 1315841, at *10 (S.D. Cal. Mar. 28, 2013) ("The issue posed

13  by the unavailability of NAF is addressed within Section 5 of the FAA, which provides a

14  mechanism for substituting an arbitrator when the designated arbitrator is unavailable."); Clerk v.

15  First Bank of Del., 735 F. Supp.2d 170, 180 (E.D. Pa. 2010) ("In general, Section 5 of the FAA

16  permits a court to appoint a substitute arbitrator, where the chosen arbitrator is unavailable.");

17  McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319, 320 (D. Colo. 1991) ("where the

18  arbitrator named in the arbitration agreement cannot or will not arbitrate the dispute, a court does

19  not void the agreement but instead appoints a different arbitrator."); Astra Footwear Industry v.

20  Harwyn Intern., Inc., 442 F. Supp. 907, 910-11 (D.C. N.Y. 1978) ("The Court finds that 9 U.S.C.

21  § 5 was drafted to provide a solution to the problem caused when the arbitrator selected by the

22

23          [4] Attorney Dufek represented at the January 4, 2013 hearing on the pending motion that after plaintiff entered into the original Wells Fargo card member agreement containing the

24  arbitration clause, AAA decided to no longer arbitrate credit card disputes such as the one at issue here.

25          [5] Here, no such request is before the court.  Moreover, the parties are advised that if the court were to receive such a request, the undersigned would be inclined to recommend

26  appointment of the current JAMS arbitrator.

1   parties cannot or will not perform."). But cf. Reddam v. KPMG LLP, 457 F.3d 1054, 1060 (9th

2   Cir. 2006) (arbitration clause may be unenforceable where the designation of a particular

3   arbitrator was "integral" to the agreement), abrogated on other grounds by Atlantic Nat. Trust

4   LLC v. Mt. Hawley Ins. Co., 621 F.3d 931 (9th Cir. 2010); Zechman v. Merrill Lynch, Pierce,

5   Fenner & Smith, Inc., 742 F. Supp. 1359, 1364-65 (N.D. Ill. 1990) (where, "it is clear that the

6   failed term is not an ancillary logistical concern but rather is as important a consideration as the

7   agreement to arbitrate itself, a court will not sever the failed term from the rest of the agreement

8   and the entire arbitration provision will fail.").

9           The undersigned finds that the debt collection practices at issue relate to the card

10  member agreement, that the broad language of the arbitration provision found in that agreement

11  provides that plaintiff's claims are subject to arbitration, and that there appears to be no reason to

12  invalidate the arbitration agreement in this case.  See Green Tree Financial Corp.-Alabama v.

13  Randolph, 531 U.S. 79, 89 (2000) ("we have recognized that federal statutory claims can be

14  appropriately resolved through arbitration"); see also Evans v. Williams & Fudge, Inc., No

15  12cv0746 JM(WMc), 2012 WL 3025164, at *2 (S.D. Cal. July 24, 2012) (granting motion to

16  compel arbitration of plaintiff's FDCPA claim); Banks v. ACS Educ. Corp., Civil No. 10cv1886

17  AJB (CAB), 2012 WL 1033316, at *9 (S.D. Cal. Mar. 26, 2012) (finding that "All of the

18  Plaintiff's claims, [including FDCPA claim], no matter how characterized, are therefore subject

19  to arbitration."); Makarowski v. AT & T Mobility, LLC, No. CV 09-1590-GAF (CWx), 2009

20  WL 1765661, at *1 (C.D. Cal. June 18, 2009) (granting motion to compel arbitration of

21  plaintiff's FDCPA and RFDCPA claims).

22          Where a dispute is subject to arbitration under the terms of a written agreement,

23  the district court shall "stay the trial of the action until such arbitration has been had in

24  accordance with the terms of the agreement."  9 U.S.C. § 3.  "The Ninth Circuit, however, has

25  held that courts have discretion under 9 U.S.C. § 3 to dismiss claims that are subject to an

26  arbitration agreement."  Lewis v. UBS Financial Services Inc., 818 F. Supp.2d 1161, 1169 (N.D.

Cal. 2011) (citing <u>Sparling v. Hoffman Const. Co., Inc.</u>, 864 F.2d 635, 638 (9th Cir. 1988)). <u>See</u> <u>also</u> <u>Thinket Ink Information Resources, Inc. V. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1060 (9th Cir. 2004); <u>Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.3d 707, 710 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); <u>Cooper v. QC Financial Services, Inc.</u>, 503 F. Supp.2d 1266, 1292 (D. Ariz. 2007) ("The Ninth Circuit has held that section 3 of the FAA does not limit the court's authority to grant a dismissal where the arbitration clause in that case required the plaintiff to submit all claims to arbitration."); <u>Morgan v. Xerox Corp.</u>, No. 2:13-cv-0409 TLN AC, 2013 WL 2151656, at *7 (E.D. Cal. May 16, 2013) ("Here, as set forth above, the court has found that Plaintiff's sole claim . . . is subject to arbitration.  Plaintiff's complaint is therefore dismissed with prejudice.").  <u>Contra</u> <u>Lloyd v. HOVENSA, LLC.</u>, 369 F.3d 263, 269 (3rd Cir. 2004) (holding that "the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration.").

Here, all of plaintiff's claims are subject to the arbitration agreement.  Therefore, under controlling Ninth Circuit precedent dismissal of the claims subject to arbitration is appropriate.

## CONCLUSION

For the reasons stated above, the undersigned finds that the claims found in plaintiff's amended complaint are subject to the arbitration agreement and will therefore recommend that defendants' motion to compel arbitration be granted and that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' November 28, 2012 motion to compel arbitration (Doc. No. 14) be granted;

2.  Plaintiff's November 19, 2012 amended complaint (Doc. No. 13) be dismissed with prejudice; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2013.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ferrini1954.mtc.f&rs